UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES  DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA | No. C 14-02063 LB |
| Plaintiff, | **ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| $23,540 IN UNITED STATES CURRENCY, | |
| Defendant. | [ECF No. 15] |
| _____/ | |

## INTRODUCTION

This is a judicial forfeiture action brought under 21 U.S.C. § 881(a)(6) involving the seizure of Defendant $23,540 in United States currency.  The clerk entered default, ECF No. 14, and the United States now brings a Motion for Default Judgment ("Motion"), ECF No. 15.[1]  A hearing on the Motion was held on September 18, 2014.  For the reasons stated below, and good cause appearing, the motion is GRANTED.[2]

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

[2] The United States has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 686(c).  *See* ECF No. 9.  No other party appeared.  In an *in rem* forfeiture proceeding, a party that fails to comply with the applicable filing requirements is precluded from standing as a "party" to the action, making it unnecessary to obtain the individual's consent to proceed before a magistrate judge.  *United States v. 5145 N. Golden State Blvd.*, 135 F.3d 1312, 1317 (9th Cir. 1998).  Therefore, the undersigned magistrate judge may enter judgment in this case.

UNITED STATES DISTRICT COURT
For the Northern District of California

**STATEMENT**

## I. FACTUAL ALLEGATIONS

On November 20, 2013, two United States Postal Inspectors ("PIs") Jason Chung and Aaron Doo and a DEA Task Force Agent ("TFA") Britt Elmore at the Post Office's Oakland Processing and Distribution Center "were engaged in routine parcel interdiction activities" to identify parcels that might contain "controlled substances, the proceeds from trafficking in controlled substances or currency intended to purchase controlled substances."  Complaint, ECF No. 1, ¶ 8.  The PIs and TFA identified an Express Mail parcel number EU 924364645 US ("Parcel"), which weighed 7 pounds, 5 ounces; measured 12 inches by 12 inches by 11 inches; and cost $71.70 to ship.  *Id.*  The TFA's narcotics detection canine indicated the presence of controlled substances in the Parcel.  *Id.* ¶¶ 11-12.

PI Chung further investigated the Parcel using an on-line law enforcement database called Accurint and learned that the listed sender—Keith Armstrong, 912 Rockefeller Avenue, Tupelo, MS 38801—had an FBI NCIC criminal history report with a misdemeanor arrest for driving with a suspended license in 2010.  *Id.* ¶ 13(a).  An Accurint query for the address—Lavish Clothing DYII and Lavish Clothing—revealed no history.  *Id.* ¶ 13(b).  A web search showed no results for either addressee in Oakland.  *Id.*  A search of the recipient's address—2029 Damuth Street, Oakland, CA 94602—indicated it was likely a single family home.  *Id.* ¶ 13(b).  An Accurint query showed that an individual named Mario Evans (DOB 4/9/1978) was associated with the address from August 2012 to November 2014.  *Id.* ¶ 13(d).  Evans's FBI NCIC criminal history report showed more than 35 arrests in California between 1994 and 2013.  *Id.*  Of those, Evans had five drug related arrests and dispositions between 2005 and 2012.  *Id.*

After obtaining and executing a search warrant, the PI Chung opened the Parcel and found $23,540 "concealed inside many layers within a duct taped metal stock pot wrapped in a bubble wrapped white towel."  *Id.* ¶ 14.  All but 10 of the 1288 bills were in denominations of $20 or less. *Id.*  The packaging and small denomination bills are both consistent with drug trafficking.  *Id.* Based on the totality of the circumstances, PI Chung seized Defendant $23,540.  *Id.* ¶ 15.

An individual named Thaddeus Shaheed filed an administrative claim with the United States

Postal Service for Defendant on February 7, 2014. *Id.* ¶ 16. PI Chung searched a government database named CLEAR and learned that Shaheed was associated with the recipient address in Oakland from February 2010 to August 2011. *Id.* As of December 10, 2013, the USPS for holding mail for Shaheed at that address. *Id.*

## II. PROCEDURAL HISTORY AND NOTICE

The United States filed this action on May 6, 2014. On May 9, 2014, the United States gave notice of this action directly to Armstrong, Lavish Clothing DYII, Evans, Shaheed, and four other parties four other individuals and the recipient's address in Oakland ("Potential Claimants") by serving a copy of the Complaint for Forfeiture, the Notice of Forfeiture Action, the Warrant of Arrest of Property *In Rem,* and related documents, via both certified and regular U.S. mail. *See* Certificate of Service, ECF No. 7; *see also* Motion for Entry of Default, ECF No. 12. The United States also published notice of this forfeiture action on an official government website (www.forfeiture.gov) for at least 30 consecutive days, beginning on May 8, 2014. *See* Declaration of Publication, ECF No. 11.

No one filed a verified claim to Defendant $23,540 or otherwise responded to this action. *See* Motion, ECF No. 15 at 4; *see generally* Docket. The clerk entered default on August 5, 2014. *See* ECF No. 14. On August 6, 2014, the government filed its motion for default judgment and noticed it for September 18, 2014. *See* ECF No. 15. It served the Potential Claimants on August 6, 2014. *See* ECF No. 16. The court held a hearing on September 18, 2014, and no one appeared to contest the government's motion.

## ANALYSIS

## I. JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), which vests district courts with original jurisdiction in "any action or proceeding for the . . . enforcement of any . . . forfeiture . . . incurred under any Act of Congress." *See* 28 U.S.C. § 1355(a).

## II. LEGAL STANDARD

### A. Forfeiture

The United States filed this action under 21 U.S.C. § 881(a)(6), which provides, in relevant part,

UNITED STATES DISTRICT COURT
For the Northern District of California

1  that property "subject to forfeiture" includes "[a]ll moneys . . . intended to be furnished by any

2  person in exchange for a controlled substance or listed chemical in violation of this subchapter[.]"

3  21 U.S.C. § 881(a)(6).  *See* Complaint, ECF No. 1, at ¶ 1.  Forfeiture is "harsh and oppressive" and

4  thus, is "not favored by the courts."  *See United States v. $191,910.00 in U.S. Currency*, 16 F.3d

5  1051, 1069 (9th Cir. 1994).  The Ninth Circuit is "particularly wary of civil forfeiture statutes"

6  because they "impose 'quasi-criminal' penalties" but do not provide property owners with the

7  degree of procedural protections provided to criminal defendants.  *See id.* at 1068; *United States v.*

8  *Marlof*, 173 F.3d 1213, 1217 (9th Cir. 1999) (quoting *$191,000.00 in U.S. Currency,* 16 F.3d at

9  1068)).  Accordingly, strict adherence to procedural rules is paramount in civil forfeiture

10  proceedings.  *See Marlof,* 173 F.3d at 1217 (denying forfeiture where government "erred" by failing

11  to provide due notice to property owner); *$191,910.00 in U.S. Currency,* 16 F.3d at 1068-69 (strictly

12  construing currency forfeiture provisions of 19 U.S.C. § 615 against government and holding that

13  "the burden on the government to adhere to procedural rules should be heavier than on claimants").

14  **B.  Default Judgment**

15       Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for—

16  and the court may grant—a default judgment against a defendant who has failed to plead or

17  otherwise defend an action.  *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986).  The decision to

18  enter a judgment lies within the court's discretion.  *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d

19  1172, 1175 (C.D. Cal. 2002).  Still, "[a] defendant's default does not automatically entitle the

20  plaintiff to a court-ordered judgment." *Draper* 792 F.2d at 924-25.  Default judgments generally are

21  disfavored because "cases should be decided on their merits whenever reasonably possible." *Eitel v.*

22  *McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  Where the clerk has already entered default, the court

23  must take as true the factual allegations of the complaint and other competent evidence submitted.

24  *See Fair Hous. of Marin v. Coombs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys., Inc. v.*

25  *Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

26       In deciding whether to enter a default judgment, the court should consider: (1) the possibility of

27  prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the

28  complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute about the

material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel*, 782 F.2d at 1471-72.

### III.  WHETHER DEFAULT JUDGMENT IS APPROPRIATE

In the present matter, the clerk entered default on August 5, 2014.  *See* ECF No. 14. Consequently, the factual allegations of the Government's complaint are deemed to be true and the court is vested with the authority to enter default judgment.  The decision whether to exercise its discretion to do so is guided by two overlapping inquiries.  First, the court considers the Government's claims in light of the factors set forth by the Ninth Circuit in *Eitel,* 782 F.2d at 1471-72.  Second, the court determines whether the Government has met the specific procedural requirements governing forfeiture actions.

#### A. *Eitel* Factors

The first *Eitel* factor supports granting default judgment because denying the motion would likely prejudice the United States by leaving it without a remedy.  The second and third factors also support granting default judgment, as the United States' allegations, assumed to be true, show that the defendant funds are subject to forfeiture under 18 U.S.C. § 881(a)(6), as the funds were related to drug trafficking.  The sum of money at stake ($23, 540), though substantial, is not so large as to warrant denial of the motion.  As discussed in the procedural history and below, because the Potential Claimants were properly served with the Complaint, Arrest Warrant, and Notice of Forfeiture Action, and notice of these proceedings, there is no indication of a possible dispute concerning material facts or that the default was due to excusable neglect.  Finally, although there is a strong public policy favoring a decision on the merits, no party has filed a verified claim for the defendant funds, and thus deciding the case on the merits is not possible.  Therefore, the consideration of the *Eitel* factors as a whole weighs in favor of granting the Motion for Default Judgment.

#### B. Compliance with Forfeiture Procedures

The Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") govern judicial forfeitures of property.  *United States v. 5145 N. Golden State Blvd.,* 135 F.3d 1312,

UNITED STATES DISTRICT COURT
For the Northern District of California

1315 (9th Cir. 1998).  Under the Admiralty and Maritime Local Rule 6-1(a) for the Northern District of California, "[a] party seeking a default judgment in an action *in rem* must show that due notice of the action and arrest of the property has been given . . . [t]hrough execution of process in accordance with Fed. R. Civ. P. Supp. G(3); and . . . in accordance with Fed. R. Civ. P. Supp. G(4)." Admir. L.R. 6–1(a)(1).

### 1. Supplemental Rule G(3)

Supplemental Rule G(3) governs judicial authorization and process.  Supplemental Rule G(3) provides that "the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control."  Fed. R. Civ. P. Supp. G(3)(b)(i).  In this case, a Warrant of Arrest of Property *In Rem* was issued on April 24, 2013.  *See* ECF No. 3.

Supplemental Rule G(3) also states that "[t]he warrant and any supplemental process must be delivered to a person or organization authorized to execute it," including "someone under contract with the United States."  The certificate of service states that Carolyn Jusay, a paralegal in the Asset Forfeiture Unit of the United States Attorney for the Northern District of California, served the relevant documents in this case via United States certified mail and regular U.S. mail upon the Potential Claimants' last known addresseses.  *See* Certificate of Service, ECF No. 7.  Based on the foregoing, service was in compliance with Supplemental Rule G(3).

### 2. Supplemental Rule G(4)

Supplemental Rule G(4) requires both notice by publication and notice to known potential claimants.  *See* Fed. R. Civ. P. Supp. G(4)(a)-(b).  First, with respect to notice by publication, Rule G(4)(a) provides that "[a] judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders," and requires that a published notice: "(A) describe the property with reasonable particularity; (B) state the times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be served with the claim and answer."  Fed. R. Civ. P. G(4)(a)(i)-(ii).  Rule G(4) further provides the notice may be published by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days."  Fed. R. Civ. P. Supp. G(4)(a)(iv).

To demonstrate compliance with the published notice requirement, the United States has filed a

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1  "Declaration of Publication" that states the United States published notice of the action on an official

2  government website (www.forfeiture.gov), where it remained for at least 30 consecutive days

3  beginning May 8, 2014. *See* ECF. No. 11. The published notice described the property to be seized

4  as "$23,540 U.S. Currency (14-USP-000775) which was seized from Keith Armstrong on November

5  26, 2013 at 1675 7th Street, located in Oakland, CA." *Id.* The published notice also noted that

6  "[a]ny person claiming a legal interest in the Defendant Property must file a verified Claim with the

7  court within 60 days from the first date of publication (May 8, 2014)," and named Assistant United

8  States Attorney Patricia Kenney as the government attorney to be served. This notice complies with

9  the requirements of Supplemental Rule G(4)(a).

10  Next, with respect to notice to known potential claimants, Rule (G)(4)(b) requires the

11  government to "send notice of the action and a copy of the complaint to any person who reasonably

12  appears to be a potential claimant." Fed. R. Civ. P. Supp. G(4)(b)(i). The notice must state "(A) the

13  date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent;

14  (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the

15  claim; and (D) the name of the government attorney to be served with the claim and answer." *Id.* at

16  G(4)(b)(ii).

17  The Notice of Forfeiture was served on the Potential Claimants along with the Complaint and

18  Arrest Warrant. *See* ECF No. 5. The Notice of Forfeiture: (A) is dated May 6, 2014, and was

19  served on May 9, 2014; (B) states that the deadline for filing a claim is at least thirty-five days after

20  the notice is sent; (C) states that an answer to the complaint or a motion under Rule 12 of the Federal

21  Rules of Civil Procedure must be filed within 21 days after filing a claim; and (D) identifies

22  Assistant United States Attorney Patricia J. Kenney as the government attorney to be served.

23  Therefore, the United States has demonstrated compliance with the requirements of Supplemental

24  Rule G(4)(b).

25  Accordingly, notice by publication and notice to known compliance with Supplemental Rule

26  G(4).

27  **CONCLUSION**

28  For the reasons stated above, the United States' Motion for Default Judgment is **GRANTED**.

1    This disposes of ECF No. 15.

2    **IT IS SO ORDERED.**

3    Dated: September 18, 2014

4    _____

5    LAUREL BEELER
     United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California